1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**YK LAW, LLP**
Vahe Khojayan (SBN261996)
vkhojayan@yklaw.us
445 S. Figueroa Street, Ste 2280
Los Angeles, CA 90071
Telephone:   (213) 401-0970
Facsimile:   (213) 529-3044

Attorneys for Defendant
YK Law, LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

EDWARD CHEN,

                Plaintiff,

    v.

YK LAW LLP, a New York limited
liability partnership; YONGYUAN LI,
a/k/a/ HENRY LI; JESSE JULES
WEINER; XIANGRONG MEI; YANG
LIN a/k/a/ LINDA YANG; CHAN
TANG a/k/a/ LINDA TANG; SCOTT
KALIKO; YEN MING LIAO a/k/a/
IAN LIAO; JIANNAN ZHANG;
JULIAN HAFFNER; and DOES 1-10,
inclusive,

                Defendants.

Case No. 8:21-cv-02032-DOC-(ADSx)

**DEFENDANT YK LAW, LLP'S
NOTICE OF MOTION AND
MOTION TO COMPEL
ARBITRATION; MEMORANDUM
OF POINTS AND AUTHORITIES**

Date: 09/26/2022
Time: 8:30AM
Location: Courtroom 10A

Hon. David O. Carter

Action filed:   12/09/2021
Trial Date:    None Set

1

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL
ARBITRATION**

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 26, 2022 at 8:30 a.m., or as soon thereafter as counsel may be heard before the Honorable David O. Carter in Courtroom 10A of the above-entitled court located at 411 W. Fourth Street Santa Ana, CA 92701, Defendants YK LAW LLP ("Defendant") will and hereby does the Court for an order compelling arbitration and dismissing

this action filed by Plaintiff Edward Chen against YK Law, LLP ("Defendant"). This Motion is made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § *et seq*., on the grounds that the agreement ("Agreement") entered into between Plaintiff and YK Law, LLP contains a mandatory arbitration provision encompassing this dispute.

The Agreement requires the parties to resolve any and all disputes between them in arbitration conducted by JAMS and in accordance with the rules of JAMS.  Plaintiffs' claims against YK Law, LLP are therefore subject to binding arbitration and any challenges to arbitrability should be decided by the arbitrator. This Motion is based upon this notice, the attached memorandum of points and authorities, the pleadings and records on file, and upon such other and further matters as may be presented before or at the hearing.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL
ARBITRATION**

Prior to filing this motion, on August 17, 2022 Defendant's counsel contacted Plaintiff in an attempt to meet and confer concerning the subject matter on the motion.  Plaintiff never responded to the meet and confer attempt. This motion followed.

Dated:      08/29/2022                          YK LAW, LLP


                                          By:    /s/ Vahe Khojayan

                                          Vahe Khojayan

                                          Attorney for Defendant

                                          YK Law, LLP

3

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.   INTRODUCTION.................................................................7

a.   The FAA Requires Enforcement of Arbitration Agreements....................8

b.   The Parties Agreed to Arbitrate Their Claims...............................10

c.   Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement.......11

d.   The Court Should Dismiss This Action.....................................13

III. CONCLUSION ............................................................13

4

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 228 (2013)........................ 9

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ........................ 9, 10

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) . 11, 12

*Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993) .......................... 12

*Castaldi v. Signature Ret. Servs., Inc.*, 2016 WL 7042991, at *1 (N.D. Cal. Jan. 20, 2016)................................................................................................................ 13

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000  9

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ............................... 9

*First Options of Chicago, Inc. v. Kaplan* 514 U.S. 938, 944 (1995).................... 10

*Fordjour v. Washington Mut. Bank*, 2008 WL 295092, at *2 (N.D. Cal. Feb. 1, 2008)................................................................................................................... 12

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) ........................ 8

*Jones-Mixon v. Bloomingdale's, Inc.*, 2014 WL 2736020, at *10 (N.D. Cal. June 11, 2014)............................................................................................................. 13

*Kilgore v. KeyBank Nat'l Ass'n*, 718 F3d 1052, 1058 (9th Cir. 2013)................... 9

*KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) ...................................................... 8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,............................. 9, 11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ........................................................................................................................... 12

*Preston v. Ferrer*, 552 U.S. 346, 353 (2008)......................................................... 9

*Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) .......................... 12

*Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 478 (1989) ....................................... 9

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

**Statutes**

9 U.S.C. § 1 ................................................................................... 8

9 U.S.C. § 2 ............................................................................ 8, 11

9 U.S.C. §§ 3, 4 ........................................................................ 13

California Code of Civil Procedure Section 1281 ................................ 10

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL
ARBITRATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case arises out of Plaintiff's brief and unsuccessful tenure as an attorney working for defendant YK Law, LLP ("YKL").  Plaintiff was eventually terminated due to unsatisfactory performance of his duties and instead of parting ways peacefully and amicably decided to file the underlying lawsuit for the sole purpose of harassing his former law firm and several of its partners.

As part of his Complaint, Plaintiff attached a copy of the agreement that he had with YKL as Exhibit A ("Agreement").  Plaintiff readily admits that he signed that Agreement, that the Agreement governed the relationship between him and YKL, and that the Agreement "serves as the basis for this case." First Amended Complaint Dkt No. 11, p. 6 ¶ 27. The Agreement contains an arbitration provision.  *See* Exhibit A attached to Plaintiff's First Amended Complaint, p.5 ¶ 14(c).   Plaintiff filed suit in this Court, ignoring the mandatory arbitration provision he agreed to in the Agreement.

Plaintiff's claims against YKL must be resolved in arbitration. In accepting the Agreement, Plaintiffs agreed that "In the event of any dispute between the parties hereunder or with respect to this Agreement (a "Dispute"), the parties shall submit such Dispute to JAMS, or its successor, for mediation, and if the

7

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

matter is not resolved through mediation, then it shall be submitted to JAMS, or its successor, for final and binding arbitration." Plaintiff has not challenged the arbitration provision in his pleadings and affirmatively argues that the Agreement is valid and enforceable between him and YKL.

The Agreement and its arbitration clause are valid and enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), as it contains an unambiguous agreement to arbitrate.  Therefore, the Court should compel arbitration and dismiss this action based on the parties' arbitration agreement

## II. ARGUMENT

### a.  The FAA Requires Enforcement of Arbitration Agreements.

The FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congress passed the FAA to "reverse the longstanding judicial hostility to arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The law reflects an "emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011). "The 'principal purpose' of the FAA is to 'ensure that private arbitration agreements are enforced according to their terms.'" *AT&T*

8

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

*Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 478 (1989)). The FAA reflects an "emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP*, 565 U.S. at 25 (per curiam) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631, (1985)). As the Supreme Court has repeatedly emphasized, "courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 228 (2013). This "national policy favoring arbitration" necessarily supersedes "state [law] attempts to undercut the enforceability of arbitration agreements." *Preston v. Ferrer*, 552 U.S. 346, 353 (2008).

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). In a motion to compel arbitration, the court may not review the merits of the action but must limit its inquiry to "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank Nat'l Ass'n*, 718 F3d 1052, 1058 (9th Cir. 2013) (*en banc*) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). If both

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

requirements are satisfied, the court must enforce the arbitration agreement in accordance with its precise terms. *See Concepcion*, 563 U.S. at 344 ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements.)

As explained below, since Plaintiff agreed to arbitrate his disputes with YKL and the broad arbitration provision encompasses this dispute, Plaintiff should be compelled to arbitrate his claims against YKL.

## b. <u>The Parties Agreed to Arbitrate Their Claims.</u>

In determining whether the parties agreed to arbitrate, courts "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan* 514 U.S. 938, 944 (1995). Under California Code of Civil Procedure Section 1281 "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."

Here, plaintiff readily admits to entering into the agreement in question and does not challenge the validity of that agreement in his Amended Complaint. Defendant YKL agrees with Plaintiff that the agreement in question was valid. Therefore, the arbitration provision contained in the Agreement is valid and

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

enforceable. Additionally, the Agreement is one evidencing transaction involving commerce and therefore is enforceable under FAA. 9 U.S.C. § 2.

Since Plaintiff and Defendant YKL affirmatively agreed to arbitration of their disputes, then the arbitration provision in the Agreement should be enforced and the Court should compel arbitration of Plaintiff's claims against YKL.

### c. **Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement.**

Once a court finds an arbitration agreement binds the parties, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Even "the most minimal indication of the parties' intent to arbitrate must be given full effect, especially in international disputes." *Republic of Nicaragua v. Std. Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991). This federal policy favoring arbitration "applies with special force in the field of international commerce" because of courts' "sensitivity to the need of the international commercial system for predictability in the resolution of disputes." *Mitsubishi Motors*, 473 U.S. at 629.

Further, "[t]he presumption of arbitrability is particularly applicable where the arbitration clause is broad." *Fordjour v. Washington Mut. Bank*, 2008 WL

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

295092, at *2 (N.D. Cal. Feb. 1, 2008). "In the absence of any express provision excluding a particular grievance from arbitration … only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT&T Techs.*, 475 U.S. at 650 (citation omitted). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Plaintiff's claims against YKL fall squarely within the broad arbitration agreement that he signed.  The arbitration clause in the Agreement encompasses "any dispute between the parties under or with respect to this Agreement."  As the Ninth Circuit recognizes, "all disputes" clauses of this sort are "broad and far reaching" in scope, *Chiron Corp.*, 207 F.3d at 1131, and are "routinely used … to secure the broadest possible arbitration coverage," *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993). Such clauses require arbitration of all disputes that "touch matters" covered by the parties' contract. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

The claims alleged by Plaintiff relate directly to the Agreement that he signed.  Plaintiff himself admits that the agreement serves as the basis for his case. *See* First Amended Complaint Dkt. No. 11, p. 6 ¶ 27.  Plaintiff's claims against

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

YKL allege breach of the Agreement, accounting rights arising out of the Agreement, and numerous baseless claims that arise out his dealings with YKL that was governed by the Agreement. Therefore, all of the claims alleged in Plaintiff's first amended complaint against YKL are subject to arbitration and governed by the arbitration provision.

### d. **The Court Should Dismiss This Action.**

Courts applying the FAA in the Ninth Circuit have dismissed cases after compelling arbitration if the moving party requests dismissal. 9 U.S.C. §§ 3, 4; *see, e.g.*, *Castaldi v. Signature Ret. Servs., Inc.*, 2016 WL 7042991, at *1 (N.D. Cal. Jan. 20, 2016) (dismissing action where "all of the claims asserted in [the] case must be arbitrated, leaving no claims to be resolved following arbitration"); *Jones-Mixon v. Bloomingdale's, Inc.*, 2014 WL 2736020, at *10 (N.D. Cal. June 11, 2014) ("[B]ecause the Court finds that all the issues in this case are arbitrable … the case will be dismissed.") (collecting cases). Because the parties' arbitration agreement encompasses all of Plaintiffs' claims against YKL, then this Court should compel arbitration and dismiss Plaintiffs' Complaint against YKL.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration Should be granted and the case against YKL should be dismissed.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

Dated:  August 29, 2022                    YK LAW, LLP

                                           /s/ Vahe Khojayan
                                              Vahe Khojayan

                                           *Attorneys for Defendants*

---

14

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**