**YK LAW, LLP**
Vahe Khojayan (SBN261996)
vkhojayan@yklaw.us
445 S. Figueroa Street, Ste 2280
Los Angeles, CA 90071
Telephone:  (213) 401-0970
Facsimile:   (213) 529-3044

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EDWARD CHEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>YK LAW LLP, a New York limited liability partnership; YONGYUAN LI, a/k/a/ HENRY LI; JESSE JULES WEINER; XIANGRONG MEI; YANG LIN a/k/a LINDA YANG; CHAN TANG a/k/a LINDA TANG; SCOTT KALIKO; YEN MING LIAO a/k/a IAN LIAO; JIANNAN ZHANG; JULIAN HAFFNER; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 8:21-cv-02032-DOC-(ADSx)<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE "FIRST AMENDED COMPLAINT" BY DEFENDANTS YONGYUAN LI, A/K/A/ HENRY LI; JESSE JULES WEINER; XIANGRONG MEI; CHAN TANG A/K/A/ LINDA TANG; SCOTT KALIKO; YEN MING LIAO A/K/A/ IAN LIAO; JIANNAN ZHANG; JULIAN HAFFNER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: 09/26/2022<br>Time: 8:30AM<br>Location: Courtroom 10A<br><br>Hon. David O. Carter<br>Action filed:   12/09/2021 |

**NOTICE OF MOTION AND MOTION TO STRIKE "FIRST AMENDED COMPLAINT" BY DEFENDANTS**

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 26, 2022 at 8:30 a.m., or as soon thereafter as counsel may be heard before the Honorable David O. Carter in Courtroom 10A of the above-entitled court located at 411 W. Fourth Street Santa Ana, CA 92701, YONGYUAN LI, a/k/a/ HENRY LI; JESSE JULES WEINER; XIANGRONG MEI; CHAN TANG a/k/a/ LINDA TANG; SCOTT KALIKO; YEN MING LIAO a/k/a/ IAN LIAO; JIANNAN ZHANG; JULIAN HAFFNER (collectively "Defendants") will and hereby do move for an order striking certain allegations from the First Amended Complaint

Defendants move to strike all allegations listed below on the grounds that they have no essential or important relationship to the claims alleged in the Complaint and are immaterial and impertinent within the meaning of Rule 12(f). As set forth in more detail in the attached Memorandum of Points and Authorities, there is good cause for granting this motion in that:

1. All allegations related to any discussion about the Chinese Communist Party, as none of these allegations bear any relation to any claim or cause of action made by Plaintiff against any of the defendants.

2. Any allegations referencing purported unauthorized practice of law conducted by any of the members of the firm, as any such purported conduct does

not give a private right of action to plaintiff and cannot serve as a basis for any claim for recovery by Plaintiff.

Set forth below is a list of the specific allegations that Defendants respectfully submit should be stricken from each of Plaintiff's claims for relief, based on the arguments described above and set forth in the attached Memorandum of Points and Authorities:

1. Paragraphs 1-4 and paragraphs 48-59 of the Amended Complaint, and Exhibit B as they contain matter that is irrelevant, impertinent to any legal theory, cause of action or claim made in the Amended Complaint.

2. Paragraphs 4, 7, 60-82, 83-121 be stricken from the Amended Complaint as they contain matter that is irrelevant, impertinent to any legal theory, cause of action or claim made in the Amended Complaint.

This motion is made following a conference with Plaintiff's counsel pursuant to the Court's standing orders, which occurred on July 14, 2022. On that date, Defense counsel called and spoke to Plaintiff's counsel regarding Defendant's intention to file a motion to dismiss.

An agreement regarding possible amendment to the Amended Complaint was not reached at that time. This motion followed.

| | |
|---|---|
| Dated: 08/22/2022 | YK LAW, LLP |
| | By:  ___/s/ Vahe Khojayan_____ |
| | Vahe Khojayan |
| | Attorney for Defendants |

**NOTICE OF MOTION AND MOTION TO STRIKE "FIRST AMENDED COMPLAINT" BY DEFENDANTS**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 7

a. Standard on Motion to Strike ........................................................................... 8

b. The Court Should Strike Any Reference or Discussion About Chinese Communist Party ............................................................................................ 10

c. Plaintiff's Allegations Concerning Supposed Unauthorized Practice of Law Should be Stricken. ......................................................................................... 11

III. CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

Allen v. Rodey, Dickason, Sloan, Akin & Robb (C.D. Cal. Jan. 20, 2010) WL 11515466 ................................................................................................................. 11

Biakanja v. Irving 49 Cal.2d 647, 648-649.......................................................... 11

Dhaliwal v. Singh, No. CV F 13- 0484 LJO SKO, 2013 U.S. Dist. LEXIS 83941, at *55 (E.D. Cal. June 11, 2013) ......................................................................... 9

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) ........................... 8, 9

Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990)..................................................................................................................... 9

Mickel v. Murphy  147 Cal.App.2d 718, 722 (1957).............................................. 11

Wilson v. The Wealth Conservancy, Inc. (N.D. Cal. Apr. 30, 2007) WL 1288345 .............................................................................................................................. 11

**Statutes**

California Business & Professions Code §6125 ..................................................... 11

California Business & Professions Code §6125 and §6126 .................................. 11

Fed. R. Civ. P. 12(f) ................................................................................................. 8

**Treatises**

76 Op. Cal. Atty. Gen. 193 (1993).......................................................................... 11

CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 9:403 (The Rutter Group 2022).......................................................................................................... 9

6

**NOTICE OF MOTION AND MOTION TO STRIKE "FIRST AMENDED COMPLAINT" BY DEFENDANTS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of Plaintiff's brief and unsuccessful tenure as an attorney working for defendant YK Law, LLP ("YKL"). Plaintiff was eventually terminated due to unsatisfactory performance of his duties and instead of parting ways peacefully and amicably decided to file the underlying lawsuit for the sole purpose of harassing his former law firm and several of its partners.

Overall, Plaintiff's Amended Complaint is more concerned with airing Plaintiff's grievances against his former co-workers that alleging actual causes of action. Perhaps, that's the reason why Plaintiff spent 4 full pages of the Amended Complaint discussing the Chinese Communist Party, and another six pages discussing supposedly unauthorized practice of law by the firm where he himself practiced for a year. Needless to say, these allegations contribute nothing to Plaintiff's already poorly pled causes of action, and are completely immaterial to the underlying breach of contract claim made by Plaintiff. For that reason, any reference or discussion concerning the Chinese Communist Party and supposed unauthorized practice of law should be stricken from the Amended Complaint.

These allegations are specifically included in the Amended Complaint because they sound scandalous, but they are baseless, impertinent, and immaterial to any cause of action that Plaintiff may have against Defendants.

## II. ARGUMENT

    a. **Standard on Motion to Strike**

Federal Rule of Civil Procedure 12(f) authorizes a court to strike a pleading – or any portion thereof – that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (affirming the district court's granting of a motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case). In <u>Fogerty</u>, the Ninth Circuit explained:

> [I]n granting Fantasy's motion to strike, the district court correctly noted that the . . . allegations created serious risks of prejudice to Fantasy, delay, and confusion of the issues. . . There was a strong likelihood that evidence of the [allegations] . . . would lead to unwarranted and prejudicial inferences against Fantasy. . . [T]he stricken allegations would have unnecessarily complicated the trial of the [remaining] claim by requiring the introduction of extensive evidence . . . potentially adding weeks to the trial. <u>Id</u>. at 1528.

As such, a Rule 12(f) motion "may be granted if it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Dhaliwal v. Singh, No. CV F 13- 0484 LJO SKO, 2013 U.S. Dist. LEXIS 83941, at *55 (E.D. Cal. June 11, 2013) (internal quotations omitted). Matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fogerty, 984 F.2d at 1527. Matter is "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question." Id.

The grounds of a motion to strike must be apparent from the face of a pleading or from facts subject to judicial notice. Fogerty, 984 F.2d at 1528, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 9:403 (The Rutter Group 2022) ("As with motions to dismiss for failure to state a claim, the grounds for a motion to strike must appear on the fact of the pleading under attack, or from matters which the court may judicially notice (e.g., the court's own files or records)"). It is within the court's discretion whether to grant a motion to strike. Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990).

**b. The Court Should Strike Any Reference or Discussion About Chinese Communist Party.**

For some unknown reason Plaintiff's Amended Complaint spends 12 full paragraphs spanning over four pages discussion the Chinese Communist Party and its supposed influence over the Defendants. See Amended Complaint ¶¶48-59. By Plaintiff's own admissions the basis of his lawsuit is the contract that he signed with YK Law, LLP. A copy of that agreement as attached by Plaintiff to his First Amended Complaint as Exhibit A.  Plaintiff complains that he was improperly terminated and is owed accounting for monies supposedly owed to him. Therefore, it is even more confusing and strange that Plaintiff discusses the difference between Chinese and American economic and governance systems in the Amended Complaint to somehow explain his claims.  Certainly, his discussion and faux-concern about the Chinese Communist Party is completely irrelevant to his breach of contract claims, and multitude of other baseless allegations and grievances that Plaintiff  directs against the Defendants.

Plaintiff tries to sensationalize his complaint by including allegations that may sound scandalous but are eventually impertinent and immaterial to any legal argument or cause of action.  For that reason, any reference or discussion of Defendants' supposed links to the Chinese Communist Party should be stricken form the Amended Complaint as immaterial impertinent and scandalous.  This

includes paragraphs 1-4 and paragraphs 48-59 of the Amended Complaint, and Exhibit B attached thereto.

### c. **Plaintiff's Allegations Concerning Supposed Unauthorized Practice of Law Should be Stricken.**

Plaintiff also makes unsubstantiated allegations about supposed unauthorized practice of law that took place at the firm and bases his RICO and UCL causes of actions on these allegations.  However, as California Business & Professions Code §6125 and §6126, which preclude the unauthorized practice of law, does not create a private cause of action -- nor can it be used as a predicate for a claim under Business & Professions Code §17200.  See 76 Op. Cal. Atty. Gen. 193 (1993) ("California does not provide a private right of action to allege a claim for the unauthorized practice of law" and "Under the Unfair Competition Act, a private attorney may not collect monetary damages from a person practicing law who is not an active member of the State Bar."); Allen v. Rodey, Dickason, Sloan, Akin & Robb (C.D. Cal. Jan. 20, 2010) WL 11515466; Wilson v. The Wealth Conservancy, Inc. (N.D. Cal. Apr. 30, 2007) WL 1288345.  There is no private right of action for civil liability based on violations of sections 6125 and/or 6126. Mickel v. Murphy  147 Cal.App.2d 718, 722 (1957) [disapproved on other grounds in Biakanja v. Irving 49 Cal.2d 647, 648-649 (1958)].

Plaintiff's causes of action under UCL and RICO are entirely based on upon the alleged and unsubstantiated claim that somehow the firm in which Plaintiff practiced was not authorized to practice law.  Even though the allegations lack merit, case law is very clear: Plaintiff may not maintain a UCL private cause of action on the basis of unauthorized practice of law. Additionally, since Plaintiff does not have a private right of action he may also not maintain any RICO claims on that basis, as he may not in any case demonstrate that he was damaged somehow from the very acts that he complains about.

For that reason, his unauthorized practice allegations are irrelevant to his claims asserted in the Amended Complaint and are merely alleged and expressed to make the complaint more scandalous, to attacked the character of the defendants and to sensationalize Plaintiff's allegations.  As immaterial and impertinent allegations, these assertions should be stricken pursuant to Rule 12(f). Specifically, Defendants request that paragraphs 4, 7, 60-82, 83-121 be stricken from the Amended Complaint.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to strike should be granted and the referenced allegations should be stricken from the Amended Complaint.

//

//

**NOTICE OF MOTION AND MOTION TO STRIKE "FIRST AMENDED COMPLAINT" BY DEFENDANTS**

| | |
|---|---|
| Dated: August 22, 2022 | YK LAW, LLP |
| | /s/ Vahe Khojayan |
| | Vahe Khojayan |
| | *Attorneys for Defendants* |

**NOTICE OF MOTION AND MOTION TO STRIKE "FIRST AMENDED COMPLAINT" BY DEFENDANTS**