**Law Offices of Edward Chen**
Edward Chen (SBN 312553)
echen@edchenlaw.com
17800 Castleton St. Ste 338
City of Industry, CA 91748
Tel: (949) 241-7097

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD CHEN, | Case No.: 8:21-cv-02032-DOC (ADSx) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| YK LAW LLP, et al. | Date:  October 11, 2022 |
| Defendants. | Time: 8:30AM<br>Courtroom 10A |

Plaintiff Edward Chen ("Plaintiff") submits this opposition to the Motions to Dismiss filed by Defendants Yongyuan Li a/k/a/ Henry Li, Jesse Jules Weiner, and Chan Tang (Dkt. 13), and Defendants Xiangrong Mei, Scott Kaliko, Yen Ming Liao a/k/a/ Ian Liao, Jiannan Zhang, and Julian Haffner (Dkt. 14).[1]

_____

[1] Defendant YK Law is not a party to the instant motions to dismiss and has separately been voluntarily dismissed from this action.  (See ECF Dkt. 20).

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  BACKGROUND AND PROCEDURAL HISTORY ...................................2

III. ARGUMENT.......................................................................................2

    A.   The Complaint States a Claim for Relief Under the Liberal
        Pleading Standards of the Federal Rules.......................................2

    B.   Plaintiff's Defamation Claim is Sufficiently Pled .......................3

    C.   Plaintiff's Accounting Claim is Sufficiently Pled........................5

    D.   Plaintiff's UCL Claim is Sufficiently Pled ..................................6

        i.   Plaintiff is Not Asserting a Cause of Action for UPL ...............6

        ii.  Plaintiff's UCL Claim is Properly Predicated Upon UPL
           Violations ...........................................................................7

        iii. Plaintiff's UCL Claim is Sufficiently Pled...............................9

    E.   Plaintiff's FAL Claim is Sufficiently Pled ..................................9

    F.   Plaintiff's RICO Claims are Sufficiently Pled ...........................10

        i.   RICO Conduct and Enterprise ...............................................11

        ii.  Pattern of Racketeering Activity ............................................12

        iii. Causing Injury to Plaintiff .....................................................13

IV. LEAVE TO AMEND SHOULD BE GRANTED ........................................14

V.  SANCTIONS SHOULD BE IMPOSED ....................................................14

VI. CONCLUSION ...................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006)...................................16

*Art of Living Found. v. Does*, No. 10-CV-05022-LHK, 2011 WL 2441898, at
  \*5 (N.D. Cal. June 15, 2011) ........................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...............................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).................................................6

*California Pharmacy Mgmt., LLC v. Zenith Ins. Co.*, 669 F.Supp.2d 1152, 1159
  (C.D. Cal. 2009) .........................................................................................16

*Canyon Cnty. v. Syngenta Seeds, Inc.,* 519 F.3d 969, 972 (9th Cir. 2008) .............15

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ............................................19

*Ebner v. Fresh, Inc.*, 818 F.3d 799, 803 (9th Cir. 2016) ............................................6

*Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ...................................................18

*Goel v. Coalition Am. Holding Co., Inc.*, No. CV 11-02349 JGB (Ex), 2013 WL
  12122302, at \*6 (C.D. Cal. Feb. 26, 2013)...............................................19

*Hall v. Cole*, 412 U.S. 1, 4-5 (1973) ........................................................................19

*In re Wells Fargo Secs. Litig.*, 12 F.3d 922, 925 (9th Cir. 1993).............................6

*Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004...........7

*Kritzer v. Lancaster*, 96 Cal.App. 2d 1, 7 (1950) .....................................................9

*Law Offices of Higbee v. Expungement Assistance Services*, 214 Cal.App.4th 544
  (Cal. Ct. App. 2013).................................................................................11

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir.
  2005)...........................................................................................................14

*Mirabito v. Liccardo*, ,4 Cal.App.4th at 46.................................................................11

*Okun v. Superior Court*, 29 Cal.3d 442, 458 (1981) ..................................................7

*Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)19

*Ozeran v. Jacobs,* No. 18-55675 (9th Cir. Feb. 18, 2020)........................................12

*Portaluppi v. Fortifi Fin.*, 2:20-cv-7959-ODW (RAOx), at *7 (C.D. Cal. July 30, 2021)...............................................................................................................14

*Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1136- 37 (2014) ............................................................................................................9

*Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) ........19

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 562)........11

*Thorning v. Hollister School District* (1992) 11 Cal.App.4th 1598, 1604.)............21

*United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985) .......................................................................................................18

*Webber v. Nike USA, Inc.*, 2012 WL 4845549, at *6 (S.D.Cal. Oct. 9, 2012)..........8

*Williams v. Gerber Prod. Co.,* 552 F.3d 934, 937 (9th Cir. 2008) ...........................5

*Wong v. Jing*, 189 Cal.App.4th 1354, 1369 (2010) ...................................................7

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 833 (9th Cir. 1986) .....................20

**Statutes**

28 U.S.C. § 1927 .....................................................................................................18

**Rules**

Fed. R. Civ. P. 15 ...................................................................................................18

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

This case concerns a fraudulent scheme of a criminal enterprise – an illegitimate law firm owned and controlled by non-lawyers that swear their allegiance to the Chinese Communist Party, not the U.S. Constitution and the American Rule of Law – primarily involving the unlawful engagement in, aiding, and abetting of the unauthorized practice of law.

Defendants seek to dismiss all claims and argue that the operative complaint does not contain sufficient factual evidence to support a claim for relief. [2] The arguments raised by Defendants fail both as a matter of law and fact, as Plaintiff has adequately alleged the claims and where such allegations must be accepted as true at the pleading stage. *See Williams v. Gerber Prod. Co.,* 552 F.3d 934, 937 (9th Cir. 2008).  The issue is not whether the plaintiff will ultimately prevail but rather, whether the plaintiff's allegations are plausible. The complaint easily satisfies this standard.

Defendants have failed to meet their burden of showing that no claim has been stated, as an examination of the complaint demonstrates that it sets forth legally

---

[2] Plaintiff does not oppose dismissal of Count 2 - Breach of the Covenant of Good Faith and Fair Dealing.

1  sufficient claims for relief.  Defendants' motions should be denied.

2  ## II.    BACKGROUND AND PROCEDURAL HISTORY

3

4        Plaintiff initially brought this action against Defendant YK Law and several

5  individually named Defendants for claims arising from the wrongful termination of

6  Plaintiff's employment contract with the firm.  (Complaint, Dkt. 1).

7

8        Plaintiff  subsequently  amended  the  complaint  to  include  additional

9  Defendants  and  causes  of  action,  alleging  violations  of  California's  Unfair

10  Competition Law (UCL), False Advertising Law (FAL), and the federal Racketeer

11  Influenced and Corrupt Organizations Act (RICO).  (FAC, Dkt. 11).

12

13  ## III.   ARGUMENT

14      ### A. The Complaint States a Claim for Relief Under the Liberal Pleading
           Standards of the Federal Rules

15

16       To survive a motion to dismiss, a complaint must contain sufficient factual

17  matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*

18  *v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

19  (2007).  For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual

20  allegations as true, drawing all reasonable inferences in plaintiff's favor. *Bell, supra,*

21  at 570; *In re Wells Fargo Secs. Litig.*, 12 F.3d 922, 925 (9th Cir. 1993).

22

23       Contrary to Defendants' assertions, it is not necessary for the pleading to rebut

24  other possible explanations for the alleged conduct or to provide factual allegations

25  in support of all possible legal theories. The factual allegations of the complaint must

26

27

28

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS

be accepted as true, and these allegations set forth plausible claims for relief.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Ashcroft, supra,* at 678; *Ebner v. Fresh, Inc.*, 818 F.3d 799, 803 (9th Cir. 2016).

A consideration of all the factual allegations, as well as common sense and a review of similarly situated cases, indicate that Plaintiff has stated a plausible claim for relief as to all causes of action asserted.

**B. Plaintiff's Defamation Claim is Sufficiently Pled**

Defendants argue that Plaintiff did not state a Defamation claim because Plaintiff did not "simply state what the defamatory statement was, who it was made to and how it damaged Plaintiff." (Def. Mot. at 11). Defendants' argument is inaccurate, as Plaintiff has adequately pled sufficient facts which establish the substance of the alleged defamatory statements.

The elements of a defamation claim are "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Art of Living Found. v. Does*, No. 10-CV-05022-LHK, 2011 WL 2441898, at *5 (N.D. Cal. June 15, 2011) (citing *Wong v. Jing*, 189 Cal.App.4th 1354, 1369 (2010)). Under California law, "although a Plaintiff need not plead the allegedly defamatory statement verbatim, the alleged defamatory statement must be

specifically identified, and the plaintiff must plead the substance of the statement." *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004); *see also Okun v. Superior Court*, 29 Cal.3d 442, 458 (1981) (while the exact words or circumstances need not be alleged to state a claim for defamation, the substance of the defamatory statement must be alleged.).

Defendants' argument regarding the vagueness of the complaint is disingenuous. Plaintiff has sufficiently pled facts regarding the alleged substance of the defamatory statements, including that the statements involve "Plaintiff's performance as an attorney", "unsubstantiated comments regarding Plaintiff's poor performance as an attorney" and "false statements published by Defendant LI…that Plaintiff is and/or was unprofessional and unsuccessful as an attorney and partner of the firm" (FAC ¶ 45).

Defendants' argument that Plaintiff fails to state a claim as to "who" and "when" the alleged defamatory statements were made is without merit. Plaintiff alleges that the defamatory statements were made by Defendant Tang (FAC ¶ 43-44), Defendant Li (FAC ¶ 45-46) and Defendant Weiner (FAC ¶ 47), and upon information and belief that the statements started from at least as early as June 2021 (FAC ¶ 136). Plaintiff also adequately pleads and alleges that the defamatory statements were "unsolicited, untrue, and made with actual malice with the intent to cause reputational harm" and that Plaintiff was indeed harmed. (FAC ¶ 45).

Accordingly, Plaintiff's allegations are sufficiently specific to raise a possibility that Plaintiff will be able to state a claim. *See Webber v. Nike USA, Inc.*, 2012 WL 4845549, at *6 (SD Cal. Oct. 9, 2012) (finding that allegation of defamation based on statement that the plaintiff was terminated for "poor performance" was sufficient to establish a "non-fanciful possibility that court could conclude that Plaintiff" alleged a claim for defamation.)

## C. Plaintiff's Accounting Claim is Sufficiently Pled

Defendants' argument that Plaintiff has failed to state a claim for Accounting is unsupported by law and Defendants' understanding of the requisite legal elements is seriously mistaken.

Accounting is an equitable proceeding to be used "where there is an unliquidated and unascertained amount owing that cannot be determined without an examination of the debits and credits on the books to determine what is due and owing." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1136-37 (2014). A plaintiff need only allege facts showing "the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 7 (1950). "Generally, an underlying fiduciary relationship" suffices, provided there is some underlying misconduct by the defendant. *Prakashpalan*, 223 Cal.App.4th at 1137. Notably, "[a] pleader is not required to state facts which are peculiarly within the knowledge of

his opponent." *Kritzer*, 96 Cal.App.2d at 8 (affirming overruling of demurrer to accounting claim).

Here, Plaintiff has sufficiently pled facts which indicate the existence of a relationship between Plaintiff and Defendants which warrants an accounting. Specifically, Plaintiff alleges that the terms of Plaintiff's employment with the firm provided for a revenue draw based upon set percentages for work performed on legal matters. (FAC ¶ 29). Plaintiff further alleges that Defendants failed to comply with their legal and statutory obligations to provide Plaintiff with monies owed, and that Defendants unjustifiably refused to pay what Plaintiff was owed. (FAC ¶ 33).

Plaintiff also alleges facts which indicate Defendants own recognizance of the fact that an accounting would be necessary to determine the amount of monies owed to Plaintiff. (FAC ¶ 34) ("Defendant WEINER was unable to provide such, claiming that certain "deductions" would need to be taken into account prior to issuance of such final paycheck to Plaintiff"). Plaintiff alleges that Defendants have failed to remit any payment and therefore an accounting is necessary. (FAC ¶ 35).

**D. Plaintiff's UCL Claim is Sufficiently Pled**

i. <u>Plaintiff is Not Asserting a Cause of Action for UPL</u>

Defendants contend that the UCL claims should be dismissed because Plaintiff's claim is "entirely based upon the alleged and unsubstantiated claim that the firm in which Plaintiff practiced was not authorized to practice law" (Mot. at 15).

Defendants' argument is based on a serious (perhaps intentional) misunderstanding and misrepresentation of Plaintiff's claims.

Defendants' argument is without merit and fails to properly address the actual claims and causes of action asserted against them.  Defendants assert that a private right of action does not exist from California Business & Business Professions Code § 6125, which prohibits the unauthorized practice of law – an assertion to which Plaintiff agrees.  However, Plaintiff is not asserting a cause of action for violations of § 6125, but rather, Plaintiff alleges that such violations lay the basis as one of the violations of the UCL.

Plaintiff does not allege any independent cause of action for breach of a rule of professional conduct. Rather, the complaint alleges unlawful business practices under section 17200, using violations of the Rules of Professional Conduct and statutes prohibiting the unauthorized practice of law as a measure of the unlawful practice. (*See Mirabito v. Liccardo*, ,4 Cal.App.4th at 46) It is well established that a section 17200 claim may be based on violation of a statute that the plaintiff could not directly enforce with a private action. (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 562)

ii.  <u>Plaintiff's UCL Claim is Properly Predicated Upon UPL Violations</u>

Defendants' assertion that a violation of the former statue cannot be used as a predicate for a UCL Claim is falsely misleading and unsupported by reason or law.

1

2

(Mot. at 13).  Defendants' citation to a 1993 Opinion from the California Attorney General and a page-long string cite to allegedly similar cases is of no moment.

3

4

5

6

7

8

9

10

11

In *Law Offices of Higbee v. Expungement Assistance Services*, 214 Cal.App.4th 544 (Cal. Ct. App. 2013), the California Court of Appeal decided that a plaintiff had standing to sue under the Unfair Competition Law (Bus. & Prof. Code Section 17200, *et seq.*) to enjoin a horizontal competitor's diversion of business to itself through unlawful means, which namely included allegations that the competitor was <u>engaging in the unauthorized practice of law</u>.  Plaintiff has adequately pled sufficient facts just as in *Higbee.*

12

13

14

15

16

17

Furthermore, Plaintiff's claim is similar to prior cases which have been brought before and decided by the Ninth Circuit.  In *Ozeran v. Jacobs, No. 18-55675 (9th Cir. Feb. 18, 2020)*, the Ninth Circuit summed up the plaintiff's allegations as follows:

18

19

20

21

22

23

24

> "Ozeran's RICO claim was based on the theory that, as a workers' compensation attorney competing in the same geographic market as the attorney Defendants, he was injured by Defendants' operation of an unlawful referral scheme under which they would pay "cappers" a monthly fee in exchange for the referral of "an agreed upon minimum number of retained clients per month." This scheme, according to Ozeran, constituted an enterprise that, together with other related enterprises, was operated by Defendants through a pattern of mail and wire fraud.")

25

26

*Ozeran*, *supra*, at 2.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

While the *Ozeran* plaintiff's claims were ultimately dismissed for failure to plead proximate cause, the instant claims should not deserve the same treatment because Plaintiff has adequately pled the necessary elements here.   Defendants' argument is disingenuous and reflects an inability to comprehend the law at best, and at worst, is indicative of bad faith conduct which warrants sanctions.

> iii.   Plaintiff's UCL Claim is Sufficiently Pled

Defendants' remaining arguments regarding UCL are equally without merit and consist primarily of lengthy sentences that are difficult to follow and nearly incomprehensible.   Defendants argue that the claims for restitution "make no sense" yet Plaintiff clearly alleges that restitution is being sought for revenues that were earned by Plaintiff and improperly withheld by the firm.   (FAC ¶¶ 159, 161). Plaintiff refuses to address Defendants' blatant misrepresentations and apparent failure to have reviewed the operative pleadings.   It is Defendants burden, not Plaintiffs, but nonetheless Plaintiff has adequately stated a claim for UCL and has sufficiently pled facts to support a UCL claim (FAC ¶¶ 70-82, 153-161).

**E. Plaintiff's FAL Claim is Sufficiently Pled**

Defendants argue that the FAL claims fail because Plaintiff does not identify any specific advertising (Mot. at 16).   This is blatantly false.   Plaintiff has alleged multiple examples of advertisement (FAC ¶77) and that Defendants' marketing was heavily tailored towards individuals and business in the Chinese community (FAC

¶78). Plaintiff further alleges that Defendants made false and misleading representations to the public which concealed the fact that Defendant Li is not a licensed U.S. attorney in marketing materials by referencing Defendant Li as a "managing partner" and "founder" of the firm (FAC ¶ 164).

Defendants' arguments against the FAL claims are without merit and Defendants have failed to meet their burden for dismissal. Plaintiff will not engage any further where Defendants arguments are baseless and wholly frivolous.

### F.  Plaintiff's RICO Claims are Sufficiently Pled

Defendants argue that the RICO claims should be dismissed and lay forth, yet another series of confusing argument and lengthy rambling sentences, that are meant to attack Plaintiff. While it is not Plaintiff's burden to prove that the claims are sufficiently pled at this juncture, Plaintiff shall lay out the sufficiency of the RICO claim to educate Defendants here.

"The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Portaluppi v. Fortifi Fin*., 2:20-cv-7959-ODW (RAOx), at *7 (C.D. Cal. July 30, 2021) (quoting *Living Designs, Inc. v. E.I. Dupont de Nemours & Co*., 431 F.3d 353, 361 (9th Cir. 2005)).

Plaintiff's RICO claims involve allegations that Defendants, acting as an association-in-fact and enterprise, are engaged in unlawful acts primarily based upon

the unlawful aiding and abetting the unauthorized practice of law in a manner which constitutes racketeering activity.  Plaintiff further alleges that Defendants have received income derived from said unlawful activities and investing such income in furtherance and perpetuation of the fraudulent scheme.

i.   <u>RICO Conduct and Enterprise</u>

Plaintiff alleges the specific conduct of Defendants which constitutes the RICO scheme as follows:

> "Defendants' scheme consists of an ongoing organization of a variety of legal "persons" that are associated for common and shared purposes, including but not limited to: (a) defraud potential clients by concealing the firm's improper ownership by non-lawyers; (b) aiding and abetting the unauthorized practice of law; (c) false misrepresentations as to the status of certain firm individuals so as to create an impression that said individuals were licensed to practice law in the United States in an effort to solicit potential clients and obtain an unfair business advantage; (d) engaging in activities to further the fraudulent scheme and to establish branch offices which served as an expansion and perpetuation of the fraud."

(FAC ¶ 186).

Essentially, Plaintiff alleges that Defendants are engaged in the unlawful aiding and abetting of the unauthorized practice of law and are engaged in further unlawful activity in violation of multiple federal and state laws, including 18 U.S.C. § 1957, California Penal Code § 532, California Business and Professions Code §§ 6125, 6126, 16240. (FAC ¶¶ 60-65).

ii.  <u>Pattern of Racketeering Activity</u>

"A 'pattern of racketeering activity' requires at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1), within a period of ten years." *Canyon Cnty. v. Syngenta Seeds, Inc.,* 519 F.3d 969, 972 (9th Cir. 2008) (quoting 18 U.S.C. § 1961(5)). As is relevant here, mail fraud and wire fraud qualify as two predicate acts under RICO. 18 U.S.C. §§ 1341, 1343.  Rule 9(b) requires a plaintiff to plead mail and wire fraud with particularity; the plaintiff must set forth the time, place, and contents of the alleged false representation. *See California Pharmacy Mgmt., LLC v. Zenith Ins. Co*., 669 F.Supp.2d 1152, 1159 (C.D. Cal. 2009). Portaluppi v. Fortifi Fin., 2:20-cv-7959-ODW (RAOx), at *7 (C.D. Cal. July 30, 2021).

Specifically, Plaintiff adequately alleges the separate predicate acts as to each individual Defendant. (Li ¶¶ 83 – 87); Tang, ¶¶ 88 – 91; Mei, ¶¶ 92-95; Lin, ¶¶ 96 – 99; Weiner, ¶¶ 100-104; Kaliko, ¶¶ 105 – 109, Liao, ¶¶ 110-115, Zhang, ¶¶116-119, Haffner, ¶¶ 120-121).  The allegations are sufficient and indicate an ongoing RICO scheme conducted by Defendants through a pattern of mail and wire fraud, and further accomplished by the unlawful aiding and abetting of the unauthorized practice of law.

/ / /

/ / /

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS

iii.  <u>Causing Injury to Plaintiff</u>

Plaintiff has sufficiently pled facts which show that Defendants' RICO scheme has caused harm to Plaintiff.

"In order to establish proximate causation, a civil RICO plaintiff must plead and prove that there is "'some *direct* relation between the injury asserted and the injurious conduct alleged.'" *Anza v. Ideal Steel Supply Corp*., 547 U.S. 451, 457 (2006).

While the plaintiffs in both *Anza* and *Ozeran* were unable to allege direct, proximate causation tied to the defendants' acts, Plaintiff has sufficiently pled facts which warrant that relief could be granted.  To be clear, Plaintiff not only alleges that Defendants' RICO scheme has harmed the public, but Plaintiff also alleges that he has been harmed.  (FAC ¶ 172) ("Plaintiff has been injured in their business and property in that Plaintiff has not received compensation for legal services provided and work done while employed with the firm, whereby Defendants used such improperly withheld funds to invest in furtherance of Defendants' racketeering activities."); (FAC ¶ 180) ("Defendants' pattern of racketeering activity and unlawful business practices have allowed Defendants to withhold Plaintiff's funds and have caused the diversion of potential clients that may have otherwise chosen to hire Plaintiff.").

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   LEAVE TO AMEND SHOULD BE GRANTED

In accordance with Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff should be granted leave to amend the complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires. Under this standard, unless the facts alleged in the complaint clearly show that the plaintiff has no legitimate claim, courts will allow the plaintiff leave to amend the complaint. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hildes ex rel. David & Kathleen Hildes 1999 Charitable Remainder Unitrust v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013).

The standard for dismissing a complaint with prejudice is high: dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiencies. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). If the Court orders dismissal of Plaintiff's claims, Plaintiff should be allowed to amend the complaint to cure any deficiencies. Plaintiff can readily cure any problems with the complaint by pleading additional facts.

## V.   SANCTIONS SHOULD BE IMPOSED

Defendants' motions to dismiss are replete with unsupported arguments and unbelievable misrepresentation of both fact and law. Plaintiff urges the Court to

---

14
PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS

impose sanctions against Defendants and Defendants' counsel for the bad faith, frivolous conduct for which there is clearly no reason for other than to harass and delay.

Courts may award sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. An award of sanctions under § 1927 requires a finding of "bad faith or conduct tantamount to bad faith," namely "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  The decision whether to award sanctions under § 1927 is largely left to the court's discretion. *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985).

Federal courts have the inherent power to issue sanctions "when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 4-5 (1973). Sanctions in the form of attorneys' fees are appropriate where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). However, these sanctions "should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). Thus, a district

1   court should not invoke these powers before making a specific finding of bad faith

2   or conduct tantamount to bad faith. *Fink*, 239 F.3d at 994.

3       A claim is legally baseless, unwarranted, and unreasonable "where no

4   plausible, good faith argument can be made by a competent attorney in support of

5   the proposition asserted." *See Goel v. Coalition Am. Holding Co., Inc*., No. CV 11-

6   02349 JGB (Ex), 2013 WL 12122302, at *6 (C.D. Cal. Feb. 26, 2013) (*citing*

7   *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 833 (9th Cir. 1986)).   Defendants'

8

9

10  citation in support of their arguments against the UCL claims is clearly bad faith.

11      Defendants cite a California Attorney General Opinion to support the

12  proposition that Plaintiff is somehow barred from asserting UCL claims.  (Mot. p.

13  13, ECF Dkt. 13; Mot. p. 13-14, ECF Dkt. 14). Defendants continue their argument

14  by stating purportedly that the "case law is very clear: Plaintiff may not maintain a

15  UCL private cause of action on the basis of unauthorized practice of law." (Mot. at

16

17  14, Dkt. 13; Mot. at 15, Dkt. 14).   Defendants' argument completely misstates and

18  misapplies the authority cited and places into question whether the Defendants and

19  Defendants' counsel reviewed the authority that they rely so heavily upon.

20  Defendants' reliance an advisory, non-binding, legal opinion issued by the

21  California Attorney General further supports a finding of bad faith. (*See Thorning*

22

23

24  *v. Hollister School District* (1992) 11 Cal.App.4th 1598, 1604.) ("[a]lthough an

25

26

27

28

official interpretation of a statute by the Attorney General is not controlling, it is entitled to great respect.")).

Defendants' arguments regarding the Accounting, UCL, and FAL causes of action are wholly unsupported by the law and frivolous.  Imposing sanctions against Defendants and Defendants' counsel is warranted here and would be proper pursuant to 28 U.S.C. § 1927 or the court's inherent authority.

## VI.    CONCLUSION

The motions to dismiss should be denied.


Date: September 20, 2022                    */s/ Edward Chen*
                                            Edward Chen

                                            *Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS