**Law Offices of Edward Chen**
Edward Chen (SBN 312553)
echen@edchenlaw.com
17800 Castleton St. Ste 338
City of Industry, CA 91748
Tel: (949) 241-7097

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD CHEN,<br><br>         Plaintiff,<br><br>     v.<br><br>YK LAW LLP, et al.<br><br>         Defendants. | Case No.: 8:21-cv-02032-DOC (ADSx)<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 23)** |

Plaintiff Edward Chen ("Plaintiff") submits this report in response to the Court's Order to Show Cause (ECF Dkt. 23) why this case should not be dismissed for lack of subject matter jurisdiction.

### **RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff acknowledges the deficiencies of the allegations in regard to the parties' citizenship and apologizes for not clearly alleging facts to support the Court's subject matter jurisdiction over this action.

1

This matter should not be dismissed for lack of subject matter jurisdiction because complete diversity existed at the time of filing the Complaint[1], and where 28 U.S.C. § 1332(a)(2) is inapplicable here.

Plaintiff confirms that he is a natural-born U.S. citizen and domiciled in California, both presently and at the time of filing the Complaint. *Morongo Band of Ind. v. Cal. St. Bd., Equal*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("Subject matter jurisdiction must exist as of the time the action is commenced."); (Declaration of Edward Chen ¶ 2) ("Chen Decl.").

Plaintiff is therefore a citizen of California for the purpose of determining diversity jurisdiction. *Kanter v. Warner-Lamber Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (the citizenship of a United States citizen is "determined by h[is] state of domicile, not h[is] state of residence.").

While Plaintiff alleges that Defendant Li resides in California, such allegation should not be construed to mean that Defendant Li has been granted lawful permanent residency in California. Defendant Li <u>is not a lawfully permanent resident</u> as defined under the immigration laws. (Chen Decl. ¶ 3).

---

[1] Plaintiff alleges federal question jurisdiction in the First Amended Complaint (Dkt 11, at ¶ 23).

Plaintiff asserts that Defendant Li is a non-immigrant with a work visa, and has not been granted permanent residence. *See Tai v. Varanasi,* C 20-08669 WHA, at *2 (N.D. Cal. Aug. 15, 2022) ("courts have interpreted "permanent residence" under Section 1332(a)(2) as having the same meaning under the immigration laws, that is, referring to a person lawfully accorded the privilege of residing permanently in the United States."); *See also Talece Inc. v. Zheng Zhang,* 2020 WL 5366633 at *2 (N.D.Cal., 2020) (Judge Freeman) (distinguishing permanent resident from temporary H-1B worker); *Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1348 (C.A.11 (Fla.), 1997) (same).

The Court had original jurisdiction and subject matter jurisdiction over this case as alleged in the initial Complaint, pursuant to 28 U.S.C. § 1332(a)(3) ("citizens of different States and in which citizens or subjects of a foreign state are additional parties") and has federal question jurisdiction over this case as alleged in the subsequent First Amended Complaint.

This case should not be dismissed for lack of subject matter jurisdiction.

Dated: September 22, 2022          **LAW OFFICES OF EDWARD CHEN**

By: */s/ Edward Chen*
Edward Chen

*Attorneys for Plaintiff*

3